IN UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| IN THE MATTER OF THE | * | |
| COMPLAINT OF AET LIGHTERING | * | CIVIL ACTION NO. 3:23-cv-00167 |
| SERVICES LLC AND AET OFFSHORE | * | |
| SERVICES, INC., AS OWNERS AND | * | |
| OPERATORS OF THE M/V | * | JUDGE JEFFREY V. BROWN |
| EXCELLENCE, IMO NO. 9632595 AND | * | |
| M/V INNOVATOR, IMO NO. 9632583 | * | |
| FOR EXONERATION FROM OR | * | |
| LIMITATION OF LIABILITY | | |

**AFFIRMATIVE DEFENSES, ANSWER, AND CLAIMS OF
<u>GERALD ARUKWE AND JOSE URESI</u>**

The claimants, Gerald Arukwe and Jose Uresi (hereinafter collectively, "Claimants"), respectfully object and submit the following Affirmative Defenses, Answer, and Claims in response to *Verified Complaint for Exoneration from or Limitation of Liability* filed by AET Lightering Services LLC and AET Offshore Services, Inc. (hereinafter collectively, "Complainants"),[1] and upon information and belief state as follows:

<u>**AFFIRMATIVE DEFENSES**</u>

Claimants respectfully submit the following affirmative defenses, which if inconsistent or later deemed inapplicable, are pled in the alternative.

**FIRST DEFENSE**

The allegations of the Complaint fail to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6).

**SECOND DEFENSE**

---

[1] Rec. Doc. 1, verified complaint.

1

The Limitation of Liability Act, 46 U.S.C. § 30501, *et seq.*, is unconstitutional in that it deprives Claimants of property rights without due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution and does not provide for equal protection of the laws pursuant to the Fifth and Fourteenth Amendments to the United States Constitution.

### THIRD DEFENSE

Claimants assert the flotilla doctrine. The limitation fund is inadequate and the Complaint should be dismissed because the Complainants have failed to deposit adequate security for the M/V AET EXCELLENCE, IMO No. 9632595 and the M/V INNOVATOR, IMO No. 9632583 and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise.

### FOURTH DEFENSE

The limitation fund is inadequate and the Complaint should be dismissed because the Complainants have failed to deposit adequate security for the M/V AET EXCELLENCE, IMO No. 9632595 and the M/V INNOVATOR, IMO No. 9632583 and for the additional vessels within the flotilla, which were under common operational control, supervision, and enterprise. Pursuant to Rule F(1) of the Supplemental Rules for Certain Admiralty and Maritime Claims, the proper limitation fund must be deposited at the time of filing. The Complainants' deposit, at the time of filing, did not meet federal standards. As such, this limitation action must be dismissed.

**FIFTH DEFENSE**

The limitation fund is inadequate and the Complaint should be dismissed because the Complainants have failed to accurately identify all of the vessels in the flotilla that should be included in the limitation fund.

**SIXTH DEFENSE**

The Limitation of Liability Act is not applicable to the instant case because the conduct and actions which led to Claimants' injuries were willful, wanton, and/or reckless, and/or took place within the privity and knowledge of the owners, managing owners, owners *pro hac vice*, and/or operators of the vessels involved.

**SEVENTH DEFENSE**

The Limitation of Liability Act is not applicable in the instant case because at all relevant times, the M/V AET EXCELLENCE, the M/V INNOVATOR, and/or the other vessels contained within the flotilla were known by the owner and/or owner *pro hac vice* to be unseaworthy.

**EIGHTH DEFENSE**

To the extent the Complainants' insurers attempt to avail themselves of the limitation/exoneration defense, Claimants assert that the Limitation of Liability Act is unavailable to insurers of vessel owners under the circumstances. In the alternative, no *prima facie* case has been made establishing that they are entitled to avail themselves of the Limitation of Liability Act.

**NINTH DEFENSE**

The Complaint contains vague and ambiguous statements which are objectionable under Federal Rule of Civil Procedure 12(e), and Claimants seek more definitive statements

of the allegations, regardless of the nature, manner, and extent of their Answer and Claim herein.

## TENTH DEFENSE

The events culminating in the Claimants' injuries were the result (in whole or in part) of the negligence, fault, or want of due care on the part of the Complainants and/or those for whom the Complainants are responsible, and/or the unseaworthiness of the M/V AET EXCELLENCE, the M/V INNOVATOR, and/or other vessels within the flotilla under common operational control, supervision, and enterprise, all of which was within the privity and knowledge of the Complainants, for which the Complaint should be denied.

## ELEVENTH DEFENSE

The events culminating in Claimants' injuries were not the result of any negligence, fault, or want of due care on their part individually.

## TWELFTH DEFENSE

Claimants further allege that there was insurance coverage on the M/V AET EXCELLENCE and the M/V INNOVATOR insuring the Complainants in the event of an occurrence such as that which is the subject of Claimants' claims, and the proceeds of said insurance policy should be included in this limitation proceeding (solely in the event the Court determines this limitation proceeding is appropriate).

## THIRTEENTH DEFENSE

Claimants state that the proceeds of any judgment, award, or settlement that may be received by the Complainants from any third party in recompense of any losses or damages sustained herein to the property or interests of the Complainants, as a result of the fault or alleged fault of said third party, must be included in the limitation fund.

**FOURTEENTH DEFENSE**

In filing this Answer and Claim, Claimants specifically reserve all rights to pursue all available claims in the forum of their choice (including in state court) for resolution of any and all issues beyond the exclusive jurisdiction of this Admiralty Court pursuant to the "Savings to Suitors" clause, 28 U.S.C. §1333, the Jones Act, the general maritime law, and all other remedies (including state law remedies). The filing of this Claim and Answer is in no way a waiver of these rights and defenses, and Claimants are not agreeing to join all issues in this proceeding by filing this Claim and Answer.

**FIFTEENTH DEFENSE**

Claimants reserve the right to move the Court to lift the injunction and stay of proceedings in other forums. *See In re Tetra Applied Tech., L.P.*, 362 F.3d 388 (5th Cir. 2004). Further, pursuant to the holdings in *In re Liverpool, etc. Nav. Co. (Vestris)*, 57 F.2d 176, 179 (2d Cir. 1932), and *The Silver Palm*, 94 F.2d 776, 780 (9th Cir. 1937), upon the Complainants' failure to obtain relief in this limitation action (should resolution of this action precede judgment in other actions), Claimants reserve and hereby assert their right to have their claims and damages tried to a jury in the court of their choosing.

**SIXTEENTH DEFENSE**

The purpose of a limitation action is to provide a single forum for determining whether the vessel and its owner are liable at all, whether the owner may in fact limit liability to the value of the vessel and pending freight, and how the funds are to be distributed to Claimant. *See* 46 U.S.C. § 30501, *et seq.*; *see also* THOMAS J. SCHOENBAUM, ADMIRALTY AND MARITIME LAW 2d ed. § 13-5 (1994). Because of the nature and circumstances of this action, a limitation proceeding is inappropriate and unjustified.

**SEVENTEENTH DEFENSE**

Claimants reserve the right to contest the appraisal value of the M/V AET EXCELLENCE, the M/V INNOVATOR, and/or for any additional vessels in the flotilla, their engines, apparel, appurtenances, pending freight, etc., and the adequacy of the security.

**EIGHTEENTH DEFENSE**

The limitation fund is inadequate and should be increased and/or this action should be dismissed because the limitation fund does not properly account for the value of the minerals and other appurtenances, attachments, freight and/or cargo aboard the vessel, subject to the control of the vessel, and/or owned by the Complainants.

**NINETEENTH DEFENSE**

The Complainants are not a "vessel owner" and/or "owner *pro hac vice*" entitled to seek exoneration from or limitation of liability under 46 U.S.C. § 30501, *et seq*.

**TWENTIETH DEFENSE**

Claimants reserve the right to move for bifurcation of this action so the only issues of fact decided by this Court are whether the Complainants were negligent, whether the vessel was unseaworthy, and whether such negligence/unseaworthiness were within the privity and/or knowledge of the Complainants. All other fact issues shall be decided in a court and/or forum of Claimants' choosing as is the Claimants' rights under the Saving to Suitors clause and the Jones Act.

**TWENTY FIRST DEFENSE**

Claimants reserve the right to provide appropriate stipulations so that the injunction may be lifted and all issues triable in state court may be so tried as allowed by law.

**AND NOW,** specifically reserving all defenses asserted herein, including, without limitation, Claimants' right to pursue their claims in state court pursuant to the Savings to Suitors clause, 28 U.S.C. §1333, and all state law remedies, Claimants file their Answer in this proceeding, and states that:

## ANSWER OF GERALD ARUKWE AND JOSE URESTI

1. The allegations contained in Paragraph 1 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimants. If a response is deemed necessary, however, those allegations are admitted insofar as Claimants do not contest that jurisdiction is proper in this Court.

2. The allegations contained in Paragraph 2 of the Complaint do not require a response from Claimants. To the extent a response is required, however, those allegations are admitted.

3. The allegations contained in Paragraph 3 of the Complaint are denied for lack of information sufficient to justify a belief therein.

4. The allegations contained in Paragraph 4 of the Complaint are denied for lack of information sufficient to justify a belief therein. In addition, Claimants specifically reserve their right to contest and demand proof of the Complainants' status as the "owner" and/or "owner *pro hac vice*" of the AET EXCELLENCE.

5. The allegations contained in Paragraph 5 of the Complaint are denied for lack of information sufficient to justify a belief therein.

6. The allegations contained in Paragraph 6 of the Complaint are denied for lack of information sufficient to justify a belief therein. In addition, Claimants specifically reserve

their right to contest and demand proof of the Complainants' status as the "owner" and/or "owner *pro hac vice*" of the AET INNOVATOR.

7. The allegations contained in Paragraph 7 of the Complaint are admitted.

8. The allegations contained in Paragraph 8 of the Complaint are admitted, except as to the date when the AET EXCELLENCE concluded her voyage—which allegation is denied for lack of information sufficient to justify a belief therein.

9. The allegations contained in Paragraph 9 of the Complaint are denied.

10. The allegations contained in Paragraph 10 of the Complaint are denied.

11. The allegations contained in Paragraph 11 of the Complaint are denied.

12. The allegations contained in Paragraph 12 of the Complaint are admitted, except as to the date when the AET INNOVATOR concluded her voyage—which allegation is denied for lack of information sufficient to justify a belief therein.

13. The allegations contained in Paragraph 13 of the Complaint are denied.

14. The allegations contained in Paragraph 14 of the Complaint are denied.

15. The allegations contained in Paragraph 15 of the Complaint are denied.

16. The allegations contained in Paragraph 16 of the Complaint are admitted insofar as the Complaint was filed within six months of the underlying incidents, which occurred on or about December 7, 2022 and January 4, 2023. The balance of Paragraph 16 is denied for lack of sufficient information to justify a belief therein.

17. The allegations contained in Paragraph 17 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimants. If a response is deemed necessary, however, those allegations are admitted insofar as Claimants do not contest that venue is proper in this Court.

18. The allegations contained in Paragraph 18 of the Complaint are denied for lack of information sufficient to justify a belief therein.

19. The allegations contained in Paragraph 19 of the Complaint are not statements of fact, but conclusions of law, as to which no response is necessary from Claimants. If a response is deemed necessary, however, those allegations are denied and any suggestion that the Complainants are entitled to any relief whatsoever, including limitation of liability, is denied.

20. The allegations contained in Paragraph 20 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimants reserve their right to contest and demand proof of the value of the AET EXCELLENCE, the Complainants' interest in the vessel, and the vessel's pending freight for the subject voyage.

21. The allegations contained in Paragraph 21 of the Complaint do not require a response from Claimants. To the extent a response is required, however, those allegations are denied insofar as Claimants reserve their right to contest and demand proof of the value of the AET EXCELLENCE, the Complainants' interest in the vessel, and the vessel's pending freight for the subject voyage. The sufficiency and/or adequacy of the Complainants' security is specifically denied.

22. The allegations contained in Paragraph 22 of the Complaint are denied for lack of sufficient information to justify a belief therein. In addition, Claimants reserve their right to contest and demand proof of the value of the AET INNOVATOR, the Complainants' interest in the vessel, and the vessel's pending freight for the subject voyage.

23. The allegations contained in Paragraph 23 of the Complaint do not require a response from Claimants. To the extent a response is required, however, those allegations are

9

denied insofar as Claimants reserve their right to contest and demand proof of the value of the AET INNOVATOR, the Complainants' interest in the vessel, and the vessel's pending freight for the subject voyage. The sufficiency and/or adequacy of the Complainants' security is specifically denied.

24. The allegations contained in Paragraph 24 of the Complaint do not require a response from Claimants. To the extent a response is required, however, those allegations are admitted insofar as Claimants do not contest that jurisdiction is proper in this Court.

25. Any allegation not expressly admitted herein is denied.

## **CLAIMS OF GERALD ARUKWE AND JOSE URESTI**[2]

**AND NOW**, specifically reserving all defenses asserted herein, including without limitation, the validity of the limitation proceeding and the adequacy of the limitation fund, Gerald Arukwe and Jose Uresti (hereinafter, "Claimants") file their Claims in connection with the Complaint and state as follows:

**A.  BACKGROUND FACTS**

1. Claimant Gerald Arukwe is a Jones Act seaman employed by AET Lightering Services LLC and AET Offshore Services, Inc. (hereinafter collectively, "Complainants") and brings these claims in his own right.

2. Claimant Jose Uresti is a Jones Act seaman employed by Complainants and brings these claims in his own right.

---

[2] Claimants have previously filed a lawsuit in the 270th Judicial District Court of Harris County, Texas against the alleged owners and operators of the AET EXCELLENCE, AET INNOVATOR, and HUNTER T in case no. 2023-16396. Claimants reserve all claims, allegations, and rights against Complainants, as well as all third parties, and the filing of this claim is in no way a waiver of such claims, allegations, and/or rights. Claimants additionally reserve their right to proceed concurrently against parties other than the Complainants.

3. This lawsuit is necessary due to life-altering personal injuries inflicted upon Claimants Arukwe and Uresti. The injuries occurred as a result of a December 7, 2022 incident while Claimants were aboard the M/V HUNTER T—a vessel owned, operated, and/or managed by Complainants—that was deployed on navigable waters. Claimants were contributing to and aiding the HUNTER T to accomplish its mission when this vessel collided/allided with another vessel. Both Claimants sustained injuries in this collision/allision.

4. At all relevant times, the HUNTER T was deployed on navigable waters and was working at the direction of the Complainants. Upon information and belief, the HUNTER T is owned, operated, managed, crewed by, and was at relevant times under the care, custody, and control of the Complainants.

5. This claim is also necessary, with regard to Claimant Arukwe, due to an incident that occurred on January 4, 2023. While attempting to transverse the recklessly constructed platform under the direction of Complainants aboard the M/V AET INNOVATOR, Claimant Arukwe grabbed a handrail to assist him. While still in his hand, the handrail detached from the platform—causing Claimant Arukwe to fall from height and land on his back, only narrowly avoiding a man-overboard incident into the open ocean below him where he would have likely been crushed to death between the ships and/or drowned. As a result of this January 4, 2023 incident, Claimant Arukwe's injuries suffered on December 7, 2022 were further exacerbated.

6. At all relevant times, the AET INNOVATOR was deployed on navigable waters and was working at the direction of the Complainants. Upon information and belief, the AET INNOVATOR is owned, operated, managed, crewed by, and was at relevant times under the care, custody, and control of the Complainants.

7. As a result of Complainants' negligence outlined above, both Claimants sustained severe injuries to their neck, back, legs, hips, heads, and other parts of their bodies. They also suffered severe mental and emotional distress and anguish. All of their injuries are likely to continue into foreseeable future. Claimants' injuries suffered as a result of Complainants' negligence rendered Claimants completely unable to work as they have been rendered unfit for duty by treating doctors.

**B.  NEGLIGENCE AND GROSS NEGLIGENCE OF THE COMPLAINANTS**

8. Claimants repeat, re-allege, and readopt all paragraphs above, as if stated verbatim herein, and further allege:

9. The Complainants owed a duty to act reasonably in the operation, navigation, and maintenance of the HUNTER T, AET EXCELLENCE, and AET INNOVATOR. The Complainants breached their duties and were negligent, negligent per se, and grossly negligent for the following non-exclusive reasons:

   a. Failure to exercise reasonable care in the operations that they actively involved themselves in;

   b. Failure to properly maintain their vessels in a reasonably safe condition;

   c. Failure to properly inspect and/or maintain their vessels and/or repair their vessels and/or the vessels' equipment;

   d. Failure to warn Claimants of a danger which was unknown to them, yet known to Complainants, or which should have been known to Complainants in the exercise of reasonable care;

   e. Failure to maintain parts of their vessels under their active control in a reasonably safe manner;

f. Failure to safely conduct operations;

g. Failure to provide seaworthy vessels;

h. Failure to properly supervise their employees;

i. Failure to properly train their employees;

j. Failure to provide adequate safety equipment;

k. Failure to provide a reasonably safe place to work;

l. Failure to intervene when they were aware of obviously dangerous acts taking place and/or conditions on their vessels;

m. Failure to operate their vessels in a safe and proper manner;

n. Failure to warn Claimants of hidden dangers;

o. Failure to keep a proper lookout onboard the HUNTER T;

p. Failure to provide adequate training to their employees, agents and/or contractors;

q. Operating the HUNTER T with an inadequate crew;

r. Failure to maintain safe mechanisms for work on their vessels;

s. Unsafe and/or lack of safe policies, procedures, and training;

t. Failure to exercise due care and caution;

u. Failure to provide adequate warning;

v. Failure to avoid these incidents;

w. Vicariously liable for their employees' and/or agents' negligent acts and/or omissions;

x. Violating applicable Coast Guard regulations, OSHA, BSEE rules, and/or other applicable rules and regulations; and

  y. Committing other acts deemed negligent and grossly negligent as further evidence and discovery may show.

10. At all relevant times, Complainants' vessels the AET INNOVATOR, AET EXCELLENCE, and HUNTER T were unseaworthy.

11. In addition, the Complainants are strictly liable for violations of Coast Guard regulations.

12. These injury-causing actions occurred within the Complainants' privity and knowledge.

13. As a direct and proximate result of the Complainants' actions and breaches, Claimants Gerald Arukwe and Jose Uresti suffered severe and permanent injuries. The Complainants are liable to Claimants for the following damages:

  a. Compensatory damages;

  b. Actual damages;

  c. Consequential damages;

  d. Exemplary damages;

  e. Punitive damages;

  f. Past and future medical damages;

  g. Past and future loss of earning capacity;

  h. Past and future physical pain and suffering;

  i. Past and future mental pain, suffering, and anguish;

  j. Past and future impairment;

  k. Past and future disfigurement;

  l. Past and future economic loss;

      m.    Loss of household services;

      n.    Past and future loss of consortium;

      o.    Past and future maintenance and cure obligations;

      p.    Interest on damages (pre- and post-judgment) in accordance with the law;

      q.    Recoverable court costs;

      r.    Attorney fees; and

      s.    Such other and further relief as the Court may deem just and proper.

14.    Claimants pray that after due proceedings are had:

    a.    The Complaint be dismissed and the injunction or restraining order granted in this matter be dissolved;

    b.    Alternatively, the Complainants be required to deposit additional security in the minimum amount required by law for the full value of all vessels in the flotilla that were under the common operational control and supervision and engaged in a common enterprise, and that said security be, by way of cash, deposited into the registry of the Court or a bond issued by a surety approved by the Court and be based upon an appraisal issued by a commissioner appointed by the Court; in default of which the Complaint be dismissed; and pending such deposit, any injunction and/or restraining order be dissolved;

    c.    Subject to and without waiver of the Claimants' right to seek and invoke all available claims and remedies in the forum of their choice, there be judgment rendered herein in favor of Claimants and against the Complainants, both jointly and severally, for all damages as are reasonable in the premises, together with the maximum legal interest thereon from the date of the accident until paid and for all costs of this proceeding;

  d. Claimants be allowed to proceed and prosecute their claims without pre-payment of costs; and

  e. The Court award all such other and future relief to which Claimants may be entitled until law and in equity.

15. Claimants demand a trial by jury to the full extent permitted by law, while still reserving their rights to have their claims against non-Complainant parties decided by a jury, including damages and non-limitation issues separately, as they relate to the Complainants.

       Respectfully submitted,

       **ARNOLD & ITKIN, LLP**

       /s/ *Adam Lewis*
       Adam Lewis
       Texas Bar No. 24094099
       SDTX: 2870150
       6009 Memorial Drive
       Houston, TX 77007
       Tel: 713.222.3800
       Fax: 713.222.3850
       e-service@arnolditkin.com
       alewis@arnolditkin.com

       **ATTORNEYS FOR CLAIMANTS ARUKWE AND URESI**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing pleading was served on counsel of record by electronic means, including the CM/ECF system, this 14th day of August 2023.

       /s/ *Adam Lewis*