# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT OF AET LIGHTERING SERVICES LLC AND AET OFFSHORE SERVICES, INC., AS OWNERS AND OPERATORS OF THE M/V AET EXCELLENCE, IMO NO. 9632595 AND M/V INNOVATOR, IMO NO. 9632583 FOR EXONERATION FROM OR LIMITATION OF LIABILITY | § § § § § § § § § § § § | CIVIL ACTION NO. 3:23-cv-00167

ADMIRALTY RULE 9(h) |

### THIRD-PARTY DEFENDANT HARBOR OFFSHORE MARINE, INC'S DISCLOSURE OF EXPERT TESTIMONY

Pursuant to Federal Rule of Civil Procedure 26(a)(2)(B) and this Court's scheduling order, Third-Party Defendant Harbor Offshore Marine, Inc. ("HOM") submits the following disclosures for persons who may be called upon to provide expert testimony or present evidence at the trial of this case:

## I.   RETAINED EXPERTS

A.  Kevin Highfield
    ABL USA, Inc.
    10613 W. Sam Houston Parkway
    Suite 400
    Houston, Texas 77064
    (281) 546-7164

Mr. Highfield is a Master Mariner with 50 years of seafaring and marine consultancy experience. He has extensive experience in the operation and navigation of inland waterways in the coastal ports of the Gulf of Mexico, the Gulf Intracoastal Waterway, and the Western Rivers of the United States, as well as offshore operation

and navigation in the Gulf of Mexico. He has investigated numerous personal injury incidents occurring on inland, blue-water, and offshore vessels. As a marine auditor and warranty surveyor, he also has experience in the operation of crew boats and offshore supply vessels.

Mr. Highfield is expected to opine and testify regarding the origin and cause of Gerald Arukwe's ("Arukwe's") alleged fall on January 4, 2023, the safe working practices of a seaman and standard vessel operations—both generally, and specifically during a crew change—and whether Arukwe and/or AET Lightering Services, LLC and AET Offshore Services, Inc. (together, "AET") caused or are in any way liable for Arukwe's alleged injuries. Mr. Highfield may also opine and testify in rebuttal to any opinions or conclusions offered by Arukwe and/or AET's respective experts.

Mr. Highfield's testimony, opinions, and conclusions will be based on his education, training, and experience in the maritime industry, as well as documents and materials previously produced by the parties to this case, and any additional documents and resources identified in his report. Mr. Highfield's opinion will be more fully set forth in a supplemental report. A copy of Mr. Highfield's curriculum vitae and prior case history is attached as Exhibit A.

**B. Anthony J. Muffoletto, MD, FAAOS**
   **1110 E. NASA Parkway**
   **Suite 307**
   **Houston, Texas 77058**
   **(832) 864-3407**

Dr. Muffoletto is a board-certified orthopedic surgeon with more than 30 years of experience, specializing in the diagnosis and treatment of diseases and disorders

of the adult spine. Dr. Muffoletto received his medical degree from the University of Texas Medical School at San Antonio and completed a post-graduate internship in General Surgery and residency in Orthopedic Surgery at the University of Maryland Hospital, Department of Surgery, in Baltimore, Maryland. In addition to Dr. Muffoletto's clinical practice, he serves as a consultant to the Texas Medical Board regarding standard of care issues in spine-related cases and to private legal representatives regarding civil medicolegal cases.

Dr. Muffoletto is expected to testify and opine that the severity of Arukwe's alleged pain and the extent of his injuries are less than what he has previously reported to medical providers, and that Arukwe's medical records indicate his pain score returned to a pre-incident level within ten months of the incidents. It is further anticipated Dr. Muffoletto will testify and opine that any recommendation(s) for future, more aggressive medical treatment is not warranted and that the recommendations made by Dr. Sellars for additional and further treatment are unnecessary and bear no relation to the type and scope of injuries allegedly sustained by Arukwe in connection with the January 4, 2023, incident. Dr. Muffoletto may also opine and testify in rebuttal to any opinions or conclusions offered by Arukwe's designated experts.

Dr. Muffoletto's testimony, opinions, and conclusions are be based on his education, training, and experience as an orthopedic surgeon, as well as documents and materials previously produced by the parties to this case, and any additional documents and resources identified in his report. Dr. Muffoletto's opinions are more

PD.48742868.1

thoroughly detailed in his report, which is attached as Exhibit B. A copy of Dr. Muffoletto's curriculum vitae and prior case history is attached as Exhibit C.

C. **Jeffrey Joy, PhD., MBA, CRC, CEA, ABVE-D, IPEC**
   **Vocational Dynamics, LLC**
   **609 West Johnson Avenue**
   **Suite 109**
   **Cheshire, Connecticut 06410**
   **(203) 439-7920**

Dr. Joy is a certified vocational rehabilitation specialist who is anticipated to testify and opine on Arukwe's past job specifications, current vocational capabilities, current and future employability, and past and present earning capacity. Dr. Joy completed a preliminary vocational assessment of the employment and earning capacity of Arukwe and is expected to testify about the types of employment available to Arukwe, for which Arukwe is qualified for, and the anticipated earnings associated with such employment.

Dr. Joy is expected to testify and opine that Arukwe has transferable skills in a variety of areas for the Galveston, Texas, labor market, earning a comparable wage to what he was earning prior to the alleged incidents made basis for this lawsuit. Dr. Joy is also anticipated to testify that no medical provider has formally opined that Arukwe is unable to work or imposed any specific medical restrictions limiting his work capacity, with all references to ongoing symptoms and/or functional limitations being self-reported, and that Arukwe remains capable of gainful employment. Dr. Joy may also opine and testify in rebuttal to any opinions or conclusions offered by Arukwe's designated experts.

- 4 -

Dr. Joy's testimony, opinions, and conclusions will be based on his education, training, and experience as a rehabilitation counselor, as well as documents and materials previously produced by the parties to this case, and any additional documents and resources identified in his report. Dr. Joy's opinions are more comprehensively detailed in his report, which is attached as Exhibit D. A copy of Dr. Joy's curriculum vitae and prior case history is attached as Exhibit E.

## II.     CROSS-DESIGNATIONS

HOM adopts and references all original and/or supplemental Expert Witness Designations that have been, or will be, filed by all other parties and cross-designates all individuals identified as experts by such parties as their own expert witnesses, to the extent HOM does not object to the experts or their proposed opinions. HOM may call or elicit expert testimony from any or all of those individuals at the time of trial.

HOM is not stipulating to the expertise and/or qualification of any expert designated by any other party and to whom HOM may object, and HOM does not adopt, agree to, or incorporate any adverse opinion expressed by any of these individuals.

## III.     REBUTTAL AND FACT WITNESSES

HOM reserves the right to call any undesignated rebuttal or impeachment expert and/or fact witnesses at the time of trial, whose testimony cannot reasonably be foreseen until the presentation of evidence against HOM is complete.

## IV.     RESERVATIONS

HOM reserves the right to supplement this designation within the time limitations imposed by the Court, within any alterations by subsequent court order,

docket control order, or agreement of the parties, and/or pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence.

HOM reserves the right to withdraw the designation of any expert witness, and any such previously designated expert witness will not be called as a witness at trial.

HOM reserves the right to elicit any expert opinion or lay opinion testimony at the time of trial which would be truthful, of benefit to the fact finder to determine material issues of fact, and which would not violate existing orders of the Court or the Federal Rules of Civil Procedure.

HOM reserves the right to elicit technical or other specialized knowledge or expert opinion testimony, through direct or cross examination, from the potential fact witnesses, based on the witnesses' knowledge, skill, experience, training, or education, and concerning the subject matter of the witnesses' personal knowledge and involvement in the matters at issue in this lawsuit.

HOM reserves all additional rights it may have with regard to experts pursuant to the Federal Rules of Civil Procedure, the Federal Rules of Evidence, case law construing same, and the ruling of the trial court.

    Respectfully submitted,

    **PHELPS DUNBAR LLP**

BY:   */s/ Marc G. Matthews*
       Marc G. Matthews
       Federal Bar No.: 705809
       Texas Bar No.: 24055921
       910 Louisiana, Suite 4300
       Houston, Texas 77002

Telephone: 713-626-1386<br>
Facsimile: 713-626-1388<br>
marc.matthews@phelps.com

**ATTORNEY-IN-CHARGE FOR CLAIMANT HARBOR OFFSHORE MARINE, INC.**

Of Counsel:
**PHELPS DUNBAR LLP**
Ivan M. Rodriguez
Federal Bar No.: 4566982
Texas Bar No. 24058977
ivan.rodriguez@phelps.com
Brandon A. O'Quinn
Federal Bar No.: 3099397
Texas Bar No.: 24092914
brandon.oquinn@phelps.com
910 Louisiana, Suite 4300
Houston, Texas 77002
Telephone: 713-626-1386
Facsimile: 713-626-1388

## CERTIFICATE OF SERVICE

I certify on this 17th day of March, 2025, that a true and correct copy of the foregoing was served electronically on all known counsel of record.

/s/ Marc G. Matthews<br>
Of Phelps Dunbar, LLP