United States District Court
Southern District of Texas
**ENTERED**
April 18, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

|  | § |  |
|---|---|---|
| IN RE M/V AET EXCELLENCE AND | § | CIVIL ACTION NO. 3:23-cv-00167 |
| M/V AET INNOVATOR | § |  |
|  | § |  |

## MEMORANDUM AND RECOMMENDATION

All pretrial matters in this limitation proceeding have been referred to me. *See* Dkt. 37. Pending before me is a Motion for Judgment on the Pleadings filed by Claimants and Third-Party Defendants Beteiligungs-Kommanditgesellschaft MS and V.Ships (Hamburg) GMBH & Co. KG., *In Personam* (collectively, "the Northern Magnum Interests"). *See* Dkt. 64. A response to the motion was due on April 9, 2025. No response has been filed.

This consolidated triple limitation proceeding stems from Jones Act and negligence claims asserted by Plaintiffs/Claimants Gerald Arukwe and Jose Uresti against AET Inc. Limited; AET Agencies, Inc.; AET Offshore Services, Inc.; and T&T Offshore Services, Inc. ("T&T") in the 270th Judicial District Court of Harris County, Texas. In response to Plaintiffs' state court lawsuit, three limitation proceedings were initiated in federal court. First, AET Lightering Services LLC and AET Offshore Services, Inc. filed a limitation action on behalf of the M/V AET EXCELLENCE and AET INNOVATOR. Second, T&T, as owner of the M/V HUNTER T filed a limitation action on behalf of the M/V HUNTER T. Third, Harbor Offshore Marine, Inc. as owner of the M/V EXCALIBUR filed a limitation action on behalf of the M/V EXCALIBUR. Judge Jeffrey V. Brown consolidated all three proceedings into this proceeding on September 12, 2023. *See* Dkt. 20.

Relevant to the instant motion, Plaintiffs/Claimants allege that they suffered damages from a December 7, 2022 collision between the M/V HUNTER T. and the M/V NORTHERN MAGNUM, a vessel owned, operated, and controlled by the Northern Magnum Interests. T&T has filed a Third-Party Complaint and Rule 14(c) Tender against the Northern Magnum Interests seeking contribution and

indemnity. *See* Dkt. 24. In that pleading, T&T purports to do two things. First, T&T claims that, in the event it is held responsible for damages arising out of the December 7, 2022 collision, T&T "is entitled to indemnity and/or contribution from the *Northern Magnum* [Interests]." Dkt. 24 at 4–5. Second, T&T invokes Federal Rule of Civil Procedure 14(c) to force Plaintiffs/Claimants to assert their claims directly against the Northern Magnum Interests. *See id.* at 6.

The Northern Magnum Interests request that this court dismiss T&T's Third-Party Complaint and Rule 14(c) Tender with prejudice. The Northern Magnum Interests' argument is simple: T&T purports to tender the Northern Magnum Interests to Plaintiffs/Claimants in accordance with Rule 14(c), but such a tender is limited to cases in which "a plaintiff asserts an admiralty or maritime claim under Rule 9(h)," and Plaintiffs/Claimants here have categorically *not* asserted an admiralty or maritime claim. FED. R. CIV. P. 14(c)(1).

> Rule 14(c) reads, in full:
>
> (1) *Scope of Impleader*. If a plaintiff asserts an admiralty or maritime claim under Rule 9(h), the defendant or a person who asserts a right under Supplemental Rule C(6)(a)(i) may, as a third-party plaintiff, bring in a third-party defendant who may be wholly or partly liable— either to the plaintiff or to the third-party plaintiff— for remedy over, contribution, or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.
>
> (2) *Defending Against a Demand for Judgment for the Plaintiff*. The third-party plaintiff may demand judgment in the plaintiff's favor against the third-party defendant. In that event, the third-party defendant must defend under Rule 12 against the plaintiff's claim as well as the third-party plaintiff's claim; and the action proceeds as if the plaintiff had sued both the third-party defendant and the third-party plaintiff.

FED. R. CIV. P. 14(c).

To the extent that the Northern Magnum Interests request dismissal of the Rule 14(c) tender, they are absolutely entitled to such a ruling.

> Claimants have not designated their claims as filed pursuant to Rule 9(h) and, moreover, have filed their claims under the Jones Act and have demanded jury trials. Thus, notwithstanding the general

> propriety of impleader in limitations actions, in this case [T&T] may not avail [itself] of Rule 14(c), and therefore may not cause the Claimants to proceed directly against [the Northern Magnum Interests].

*Marmac, LLC v. Reed*, 232 F.R.D. 409, 414 (M.D. Fla. 2005). But the Northern Magnum Interests request more than just dismissal of the Rule 14(c) tender—they request dismissal *with prejudice* of T&T's Third-Party Complaint in its entirety, which includes an indemnity and contribution claim. While the Northern Magnum Interests have provided ample authority for dismissing the Rule 14(c) tender, they have provided no authority to support dismissal with prejudice of T&T's entire Third-Party Complaint.

To the contrary, even the movants in the factually analogous case to which the Northern Magnum Interests directed my attention—*Marmac, LLC v. Reed*—acknowledged that "a third-party action may lie in the case at bar pursuant to Rule 14(a)."[2] Brief in Support of Motion to Dismiss at 3, No. 6:05-cv-00564 (M.D. Fla. Sep. 2, 2005), ECF No. 34. Thus, the court in *Marmac* ruled that "the Petitioners' Third Party Complaint against Delta must be dismissed to the extent that it seeks to avail itself of this aspect of Rule 14(c)." 232 F.R.D. at 414. In a footnote to that ruling, the court wrote:

> It appears that the only consequence of this conclusion will be to require the Petitioners/Third Party Plaintiffs to being [sic] their

---

[2] Rule 14(a) is the more general rule governing when a defending party may bring in a third party. "Even if [a third-party plaintiff] fail[s] to properly join [a third-party defendant] under Rule 14(c)," it may nevertheless satisfy the joinder "requirements of Rule 14(a) of the Federal Rules of Civil Procedure." *Rollin v. Kimberly Clark Tissue Co.*, 211 F.R.D. 670, 673 (S.D. Ala. 2001) (holding that joinder was "procedurally proper" under Rule 14(a), though not under Rule 14(c)). As one district court noted:

> The benefit of Rule 14(c) over a typical Rule 14(a) impleader is that, under Rule 14(c), the original plaintiff is forced to assert his claims directly against the third-party defendant. This is to be distinguished from practice under Rule 14(a), which does not automatically establish a direct relationship between plaintiff and the third-party defendant upon the assertion of a third-party claim.

*Luera v. The M/V ALBERTA*, No. 4:07-cv-2698, 2009 WL 5966940, at *5 (S.D. Tex. June 24, 2009) (cleaned up), *aff'd sub nom. Luera v. M/V Alberta*, 635 F.3d 181 (5th Cir. 2011).

3

third party complaint against [Third-Party Defendants] under Rule 14(a). Indeed, [Third-Party Defendants] appear[] to concede this point. (See Doc. 34 at 3–4). The practical result appears to be simply that the Petitioners/Third Party Plaintiffs many [sic] not cause the Claimants to proceed directly against [Third-Party Defendants]. While this appears to be elevating form over substance, the Court is not in a position at present to analyze or comment on the parties' litigation strategies.

*Id.* n.14.

Other courts facing similar situations also seem to have limited their dismissals to the Rule 14(c) tender. *See Durgin v. Crescent Towing & Salvage, Inc.,* No. 00-cv-1602, 2002 WL 1789776, at *3 (E.D. La. July 31, 2002) (dismissing the Rule 14(c) tender while observing that the "third party claim for contribution and/or indemnity against [the third-party defendant] survives unscathed"); *Tipton v. Gen. Marine Catering Co.,* No. 87-cv-4647, 1989 WL 13554, at *2 (E.D. La. Feb. 13, 1989) ("Therefore, the portion of the defendants' third party complaints which are brought pursuant to Rule 14(c) and purport to tender the third party defendant as a direct defendant to the plaintiff should be stricken."); *accord Indelpro S.A. de C.V. v. Valero Mktg. & Supply Co.,* No. 4:19-cv-4115, 2019 WL 6894677, at *1 (S.D. Tex. Dec. 18, 2019) (denying motion for leave to amend to add a Rule 14(c) tender, but otherwise granting motion for leave to amend third-party complaint). Thus, while it is entirely proper to grant the Northern Magnum Interests' motion as to the Rule 14(c) tender, I see no basis for dismissing the rest of T&T's Third-Party Complaint with prejudice.

## CONCLUSION

For the reasons discussed above, I recommend that the Northern Magnum Interests' Motion for Judgment on the Pleadings (Dkt. 64) be granted and T&T's Third-Party Complaint and Rule 14(c) Tender (Dkt. 24) be dismissed only to the extent that T&T seeks to avail itself of Rule 14(c).

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); FED. R.

CIV. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this 18th day of April 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE