Case 3:23-cv-00167   Document 79   Filed on 06/03/25 in TXSD   Page 1 of 3

United States District Court
Southern District of Texas
**ENTERED**
June 03, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | § | |
|---|---|---|
| IN RE M/V AET EXCELLENCE AND | § | |
| M/V AET INNOVATOR | § | CIVIL ACTION NO. 3:23-cv-00167 |
| | § | |
| | § | |

## OPINION AND ORDER

In this limitation of liability action, AET Offshore Services, Inc. and AET Lightering Services LLC (collectively, "AET") want to depose Plaintiffs' treating physicians, Dr. Victoria Do and Dr. Rubin Bashir. The dispute presently before me concerns the compensation Drs. Do and Bashir should receive for the time they spend in deposition.

Dr. Do, a family medicine doctor who has been practicing since 2004, seeks an hourly rate of $2,500, with a $5,000 deposit. Dr. Bashir, an orthopedist who has been in practice since 2008, requests $3,500 per hour and a non-refundable deposit of $3,500. AET complains that these hourly fees are excessive and proposes paying the doctors $500 per hour for the time they spend in deposition. AET anticipates each deposition lasting between four to five hours.

Rule 26 provides that, unless manifest injustice would result, the party seeking discovery must "pay the expert a *reasonable* fee for time spent in responding to discovery." Fed. R. Civ. P. 26(b)(4)(E)(i) (emphasis added). "Compensating an expert for his deposition time is mandatory under [this rule], because it would be unfair to require one party to subsidize discovery for the opposing party." *Harvey v. City of Rayne*, No. 08-0699, 2009 WL 3756492, at *1 (W.D. La. Nov. 5, 2009). At the same time, "the expert's fee should not be so high as to impair a party's access to necessary discovery or result in a windfall to the expert." *Grady v. Jefferson Cnty. Bd. of Cnty. Comm'rs*, 249 F.R.D. 657, 659 (D. Colo. 2008). As one district court succinctly stated:

> The court will not countenance gouging by expert witnesses, whether physicians or not. In the end, these fees are the responsibility of the clients, and the Court will not allow expert witnesses, whether physicians [or] not, to unfairly deplete the resources of litigants, whether plaintiffs or defendants.

*Harvey*, 2009 WL 3756492, at *2. "Ultimately, it is in the court's discretion to set an amount it deems reasonable." *Fleming v. United States*, 205 F.R.D. 188, 189 (W.D. Va. 2000).

Counsel for the doctors argues that the proposed hourly fees of $2,500 and $3,500 are a reasonable approximation of the revenue these doctors will forego if they are required to sit for a deposition instead of treating patients. This argument might have teeth if I required that the depositions take place during normal business hours. But I have no intention of forcing these doctors to choose between seeing patients and attending a deposition. They can do both. The lawyers involved in this case are top-notch advocates who will undoubtedly arrange their schedules to conduct the depositions early in the morning, late in the afternoon, or on the weekend. AET's counsel noted at an oral hearing that he would be happy to schedule the deposition, if convenient for the doctors, "at midnight, on a full moon, in a graveyard." While that might be a tad much, I am confident that the lawyers can figure out a date and time for the depositions that will allow the doctors to treat their patients during normal business hours and still provide sworn testimony relevant to this case. If need be, the depositions can obviously be continued over multiple days.

So what is a reasonable fee? Unfortunately, there is no simple black and white answer. To borrow an oft-used phrase, a reasonable fee is in the eye of the beholder. Based upon my experience as a practicing trial lawyer and a federal judge, and considering the doctors' areas of expertise and the fees traditionally charged by doctors in the relevant geographical region, I conclude that $750 per hour is a reasonable amount for Dr. Do and Dr. Bashir to be compensated for the time they spend in deposition.

As for the doctors' request for deposits, I join the overwhelming majority of courts across the country to hold that "Rule 26 does not contemplate the *prepayment* of expert fees." *Flores v. United Fire & Cas. Co.*, No. 5:19-cv-21, 2020 WL 13157785, at *2 (S.D. Tex. Aug. 12, 2020) (collecting cases). "[E]xpert fees are only paid for time spent in responding to discovery, and . . . requiring up-front payments without reference to time actually spent in responding to discovery is contrary to the law." *Spencer-Martin v. Exxon Mobil Corp.*, No. 16-789, 2017 WL 4103570, at *2 (M.D. La. Sept. 15, 2017) (cleaned up). Accordingly, a party's obligation under Rule 26 to pay an expert a "reasonable" amount for "time spent in responding to discovery" becomes due only *after* the expert witness sits for his or her deposition. Fed. R. Civ. P. 26(b)(4)(E)(i).

I leave it to the parties to schedule the depositions at a mutually convenient time and place.

SIGNED this 3rd day of June 2025.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE