UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | § | |
|---|---|---|
| IN RE M/V AET EXCELLENCE AND | § | |
| M/V AET INNOVATOR | § | 3:23-cv-167 |
| | § | |
| | § | |

## ORDER ADOPTING MAGISTRATE JUDGE'S
## MEMORANDUM AND RECOMMENDATION

On February 28, 2024, all pretrial matters in this consolidated triple limitation proceeding were referred to United States Magistrate Judge Andrew M. Edison under 28 U.S.C. § 636(b)(1). Dkt. 37. Judge Edison filed a memorandum opinion, order, and recommendation on November 7, 2025, denying the plaintiffs' motion to bifurcate, Dkt. 103, and recommending that three pending motions for summary judgment, Dkts. 71, 74, 75, be denied, except that the plaintiffs' unseaworthiness claim against AET should be dismissed. Dkt. 129.

On November 21, 2025, the plaintiffs and third-party defendants Harbor Offshore Marine, Inc. and M/V *Excalibur* (collectively, "HOM") filed their objections to the memorandum opinion, order, and recommendation. Dkts. 130, 131. HOM objects to Judge Edison's recommendation that its motion for summary judgment, Dkt. 71, be denied. Dkt. 130. The plaintiffs object only to Judge Edison's order denying their motion to bifurcate. Dkt. 131 at 2 n.1. Two different standards of review govern these objections.

Judge Edison's ruling denying the plaintiffs' motion for bifurcation is a non-dispositive pretrial order. *See, e.g., Mahoney v. Ernst & Young LLP*, 487 F.

Supp. 2d 780, 798 (S.D. Tex. 2006). Objections to non-dispositive pretrial orders will be sustained only "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). The clear error standard is "highly deferential" and "the court [should] affirm the decision of the magistrate judge unless on the entire evidence [the court] is left with a definite and firm conviction that a mistake has been committed." *Baylor Health Care Sys. v. Equitable Plan Servs., Inc.*, 955 F. Supp. 2d 678, 689 (N.D. Tex. 2013) (quotation omitted). This situation does not meet that standard. The plaintiffs' objections to Judge Edison's order denying their motion for bifurcation are overruled.

In accordance with 28 U.S.C. § 636(b)(1)(C), this court is required to "make a de novo determination of those portions of the [magistrate judge's] report or specified proposed findings or recommendations to which objection [has been] made." After conducting this de novo review, the court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*; *see also* Fed. R. Civ. P. 72(b)(3).

The court has carefully considered the objections; the memorandum and recommendation; the pleadings; and the record. The court accepts Judge Edison's memorandum and recommendation and adopts it as the opinion of the court. It is therefore ordered that:

(1) Judge Edison's memorandum and recommendation, Dkt. 129, is approved and adopted in its entirety as the holding of the court; and

(2) All three motions for summary judgment, Dkts. 71, 74, and 75, are denied, with the exception that the plaintiffs' unseaworthiness claim against AET is dismissed.

SIGNED on Galveston Island this 17th day of December, 2025.

*JEFFREY VINCENT BROWN*
UNITED STATES DISTRICT JUDGE